Daniel S. Jonathan (SBN 262209)
Daniel.Jonathan@capstonelawyers.com
Jeffrey Jimenez (SBN 338228)
Jeff.Jimenez@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1860
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

Attorneys for Plaintiff Brandon Klain

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON KLAIN, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CANON BUSINESS PROCESS SERVICES, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 5:26-cv-00524-SVK<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(2) Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198 (Unpaid Minimum Wages);<br>(3) Violation of California Labor Code §§ 226.7, 512(a), 516, and 1198 (Failure to Provide Meal Periods);<br>(4) Violation of California Labor Code §§ 226.7, 516, and 1198 (Failure to Authorize and Permit Rest Periods);<br>(5) Violation of California Labor Code §§ 226(a), and 1198 (Non-Compliant Wage Statements and Failure to Maintain Payroll Records);<br>(6) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);<br>(7) Violation of California Labor Code § 2802 (Unreimbursed Business Expenses);<br>(8) Violation of California Business & Professions Code §§ 17200, *et seq*. (Unlawful Business Practices); and<br>(9) Violation of California Business & Professions Code §§ 17200, *et seq*. (Unfair Business Practices)<br><br>**Jury Trial Demanded** |

Plaintiff Brandon Klain, individually and on behalf of all other members of the public similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1. This class action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover wages and all other available relief on behalf of Plaintiff and all similarly situated current and former non-exempt, hourly paid employees of Defendants.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) and based on 28 U.S.C. §§ 1441, 1446.

3. Venue is proper in this Court, because this case was originally filed in the Superior Court of California for the County of Santa Clara. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(a), 1391(b), and 1441(a).

**THE PARTIES**

4. Plaintiff Brandon Klain is a resident of Ventura, in Ventura County, California. Defendants employed Plaintiff as an hourly paid, non-exempt employee from approximately September 2023 to September 15, 2025. Plaintiff worked as a Material Handler II for Defendants at one of their client's locations in Newbury Park, California. During his employment, Plaintiff typically worked eight (8) hours or more per day, and five (5) days per week. At the time Plaintiff's employment with Defendants ended, he was compensated $23.72 per hour. Plaintiff's primary job duties included, without limitation, handling shipments, unloading trucks, bringing in delivered materials, storing materials away, processing and sending materials to various locations, and loading trucks.

5. CANON BUSINESS PROCESS SERVICES, INC. was and is, upon information and belief, a Delaware corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and the State of California.

6. Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities

become known.

7. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 were the partners, agents, owners, or managers of CANON BUSINESS PROCESS SERVICES, INC. at all relevant times.

8. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to CANON BUSINESS PROCESS SERVICES, INC.; and/or DOES 1 through 10 (collectively, "Defendants" or "CANON"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

9. At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

10. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

11. Under California law, Defendants are jointly and severally liable as employers for the violations alleged herein because they have each exercised sufficient control over the wages, hours, working conditions, and employment status of Plaintiff and class members. Each Defendant had the power to hire and fire Plaintiff and class members, supervised and controlled their work schedule and/or conditions of employment, determined their rate of pay, and maintained their employment records. Defendants suffered or permitted Plaintiff and class members to work and/or "engaged" Plaintiff and class members so as to create a common-law employment relationship. As joint employers of Plaintiff and class members, Defendants are jointly and severally liable for the civil penalties and all other relief available to Plaintiff and

class members under the law.

12. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, have acted as joint employers with respect to Plaintiff and class members because Defendants have:

(a) jointly exercised meaningful control over the work performed by Plaintiff and class members;

(b) jointly exercised meaningful control over Plaintiff's and class members' wages, hours, and working conditions, including the quantity, quality standards, speed, scheduling, and operative details of the tasks performed by Plaintiff and class members;

(c) jointly required that Plaintiff and class members perform work which is an integral part of Defendants' businesses; and

(d) jointly exercised control over Plaintiff and class members as a matter of economic reality in that Plaintiff and class members were dependent on Defendants, who shared the power to set the wages of Plaintiff and class members and determined their working conditions, and who jointly reaped the benefits from the underpayment of their wages and noncompliance with other statutory provisions governing their employment.

13. Plaintiff is informed and believes, and thereon alleges, that at all relevant times there has existed a unity of interest and ownership between Defendants such that any individuality and separateness between the entities has ceased.

14. CANON BUSINESS PROCESS SERVICES, INC., and DOES 1 through 10 are therefore alter egos of each other.

15. Adherence to the fiction of the separate existence of Defendants would permit an abuse of the corporate privilege, and would promote injustice by protecting Defendants from liability for the wrongful acts committed by them under the name "CANON."

## GENERAL ALLEGATIONS

16. Defendants provide business process services, document management, and managed workforce services. Upon information and belief, Defendants maintain a single, centralized Human Resources ("HR") department at their company headquarters in New York, New York, which is responsible for the recruiting and hiring of new employees, and communicating and implementing Defendants' company-wide policies, including timekeeping policies and meal and rest period policies, to employees throughout California.

17. In particular, Plaintiff and class members, on information and belief, received the same standardized documents and/or written policies. Upon information and belief, the usage of standardized documents and/or written policies, including new-hire documents, indicate that Defendants dictated policies at the corporate level and implemented them company-wide, regardless of their employees' assigned locations or positions. Upon information and belief, Defendants set forth uniform policies and procedures in several documents provided at an employee's time of hire.

18. Upon information and belief, Defendants maintain a centralized Payroll department at their company headquarters in New York, New York, which processes payroll for all non-exempt, hourly paid employees working for Defendants at their various locations and jobsites in California, including Plaintiff and class members. Based upon information and belief, Defendants issue the same formatted wage statements to all non-exempt, hourly paid employees in California, irrespective of their work locations. Upon information and belief, Defendants process payroll for departing employees in the same manner throughout the State of California, regardless of the manner in which each employee's employment ends.

19. Defendants continue to employ non-exempt or hourly paid employees in California.

20. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

21. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class

members were not paid for all hours worked because all hours worked were not recorded.

22. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

23. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for work that was required to be done off-the-clock. In violation of the California Labor Code, Plaintiff and class members were not paid at least minimum wages for work done off-the-clock.

24. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to meal periods in accordance with the California Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal periods and that Plaintiff and class members were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rates of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

25. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to rest periods in accordance with the California Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period and that Plaintiff and class members were not authorized and permitted to take compliant rest periods or provided with payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period.

26. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive complete and accurate wage statements in accordance with California law. In violation of the California

Labor Code, Plaintiff and class members were not provided complete and accurate wage statements.

27. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that they had a duty to maintain accurate and complete payroll records in accordance with the California Labor Code and applicable IWC Wage Order, but willfully, knowingly, and intentionally failed to do so.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of all wages earned upon termination of employment. In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages due, including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within permissible time periods.

29. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of wages during their employment. In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within permissible time periods.

30. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment and that they did not receive full reimbursement of applicable business-related expenses and costs incurred.

31. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that Defendants had a duty to provide Plaintiff and class members with written notice of the material terms of their employment with Defendants as required by the California Wage Theft Prevention Act, but failed to do so.

32. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff

and class members for all hours worked, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and class members that they were properly denied wages, all in order to increase Defendants' profits.

**CLASS ACTION ALLEGATIONS**

33. Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks class certification under California Code of Civil Procedure section 382.

34. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

35. Plaintiff's proposed class consists of and is defined as follows:

> All persons who worked for Defendants as non-exempt, hourly paid employees in California, at any time from January 6, 2022, until the date of trial ("Class").

36. Plaintiff's proposed subclass consists of and is defined as follows:

> All persons who worked for Defendants as non-exempt, hourly paid employees in California and who received at least one wage statement within one (1) year prior to the filing of the initial complaint until the date of trial ("Subclass").

37. Members of the Class and Subclass are referred to herein as "class members."

38. Plaintiff reserves the right to redefine the Class and Subclass and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

39. There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a) Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiff and class members;

(b) Whether Defendants failed to pay Plaintiff and class members at least

minimum wages for all hours worked;

(c) Whether Defendants failed to provide Plaintiff and class members meal periods;

(d) Whether Defendants failed to authorize and permit Plaintiff and class members to take rest periods;

(e) Whether Defendants provided Plaintiff and class members with complete and accurate wage statements as required by California Labor Code section 226(a);

(f) Whether Defendants failed to pay earned overtime wages, minimum wages, and/or meal and rest period premiums, due to Plaintiff and class members upon their discharge;

(g) Whether Defendants failed to timely pay overtime wages, minimum wages, and/or meal and rest period premiums to Plaintiff and class members during their employment;

(h) Whether Defendants failed to reimburse Plaintiff and class members for necessary and required business-related expenditures and/or losses incurred by them in the scope of their employment;

(i) Whether Defendants failed to provide written notice of information material to Plaintiff's and class members' employment with Defendants;

(j) Whether Defendants engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(k) The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

40. There is a well-defined community of interest in the litigation and the class members are readily ascertainable:

(a) <u>Numerosity</u>: The class members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the

entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b) Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members as demonstrated herein.

(c) Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) Superiority: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e) Public Policy Considerations: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.

Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

**(Against all Defendants)**

41. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

42. Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

43. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

44. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1 ½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

45. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay. An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the

employee, including nondiscretionary bonuses and incentive pay.

46. California Labor Code section 510 codifies the right to overtime compensation at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh (7th) day of work, and to overtime compensation at twice the employee's regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh (7th) day of work.

47. During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff and class members. During the relevant time period, Plaintiff and class members were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours worked were not recorded.

48. During the relevant time period, Defendants had a company-wide rotating "on-call" policy, whereby they scheduled Plaintiff and class members to work "on-call" weeks. During an "on-call" week, Plaintiff and class members had to be available to work 24 hours per day, seven (7) days per week. While working an "on-call" week, Plaintiff and class members were required to respond to calls from Defendants' management, and if necessary, report to work to accept an incoming shipment that was delivered outside of regular business hours. When scheduled to be "on-call," Plaintiff and class members were, in essence, on controlled standby for Defendants because they could not use that time freely for their own purposes and were forced to put their lives on hold. For example, Plaintiff refrained from making plans altogether while "on-call" because he knew that he had to drop whatever he was doing at a moment's notice if he received a call. On information and belief, Defendants did not pay Plaintiff and class members for the time during which they were waiting to receive a call from Defendants and unable to use their time for their own purposes.

49. Defendants knew or should have known that as a result of these company-wide practices and/or policies, Plaintiff and class members were performing their assigned duties off-the-clock outside of their shifts, and were suffered or permitted to perform work for which they

were not paid. Because Plaintiff and class members worked shifts of eight (8) hours or more a day, or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay. Therefore, Plaintiff and class members were not paid overtime wages for all of the overtime hours they actually worked.

50. Defendants' failure to pay Plaintiff and class members the balance of overtime compensation as required by California law, violates the provisions of California Labor Code sections 510 and 1198. Pursuant to California Labor Code section 1194, Plaintiff and class members are therefore entitled to recover from Defendants their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid Minimum Wages**

**(Against all Defendants)**

51. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

52. At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful. Compensable work time is defined in IWC Wage Order No. 4-2001 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Cal. Code Regs. Tit. 8, § 11040(2)(L) (defining "Hours Worked").

53. As stated above, Defendants systematically, and on a company-wide basis, required Plaintiff and class members to work "on-call" weeks during which they had to put their lives on hold and were restricted from using that time freely for their own purposes. Even though Plaintiff and class members were subject to Defendants' control during an "on-call" week, Defendants did not pay Plaintiff and class members at least minimum wages for all hours that they were suffered or permitted to work.

54. Defendants did not pay minimum wages for all hours worked by Plaintiff and class members. To the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.

55. Defendants' failure to pay Plaintiff and class members minimum wages violates California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198. Pursuant to California Labor Code section 1194.2, Plaintiff and class members are therefore entitled to recover from Defendants liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code §§ 226.7, 512(a), 516, and 1198—Meal Period Violations**

**(Against all Defendants)**

56. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

57. At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code sections 226.7, 512(a), 516, and 1198 were applicable to Plaintiff's and class members' employment by Defendants. At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee. Under California law, first meal periods must start after no more than five hours. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (2012).

58. At all relevant times herein set forth, California Labor Code sections 226.7, 512(a), 516, and 1198 provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

59. At all relevant times herein set forth, Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order also require employers to provide a second meal period of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

60. Defendants had, and continue to have, company-wide policies and/or practices of understaffing their locations while assigning heavy workloads, which resulted in a failure to provide meal period coverage because there were too few employees on duty to handle the workload. Defendants' policies and/or practices resulted in a failure to provide Plaintiff and class members with adequate meal period coverage, and thus prevented Plaintiff and class members from taking all timely, uninterrupted meal periods to which they were entitled. Additionally, Defendants maintained and implemented a company-wide practice of failing to schedule meal periods and/or failing to adhere to a schedule for meal periods, which further caused Plaintiff and class members to not be relieved of their duties for compliant meal periods. As a result, Plaintiff and class members had to work through all or part of their meal periods, had their meal periods interrupted, and/or had to wait extended periods of time before taking meal periods. For example, Plaintiff took his meal periods late, after the fifth hour of work, due to the lack of coverage and heavy workload. Plaintiff and class members did not sign valid meal period waivers on days that they were entitled to meal periods and were not relieved of all duties.

61. At all times mentioned herein, Defendants knew or should have known that as a result of their policies, Plaintiff and class members were not actually relieved of all duties to take timely, uninterrupted meal periods. Defendants further knew or should have known that they did not pay Plaintiff and class members meal period premiums when meal periods were late, interrupted, shortened, and/or missed.

62. Moreover, Defendants engaged in a company-wide practice and/or policy of not paying all meal period premiums owed when compliant meal periods are not provided. Because

of this practice and/or policy, Plaintiff and class members have not received premium pay for missed, late, and interrupted meal periods.

63. Defendants' conduct violates the applicable IWC Wage Order, and California Labor Code sections 226.7, 512(a), 516, and 1198. Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226.7, 516, and 1198—Rest Period Violations**

**(Against all Defendants)**

64. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

65. At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198 were applicable to Plaintiff's and class members' employment by Defendants.

66. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

67. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC. To comply with its obligation to authorize and permit rest periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties—including the obligation that an employee remain on call. A rest period, in short, must be a period of rest." *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 273 (2016).

68. During the relevant time period, Defendants regularly failed to authorize and permit Plaintiff and class members to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof. As with meal periods, Defendants' company-wide practices, including understaffing while assigning heavy workloads, prevented Plaintiff and class members from being relieved of all duty to take rest periods. Defendants also failed to schedule rest periods, which, coupled with Defendants' failure to provide adequate rest period coverage, further led to Plaintiff and class members not being authorized and permitted to take rest periods.

69. Furthermore, upon information and belief, during the relevant time period, Defendants maintained a company-wide on-premises rest period policy, which effectively required that Plaintiff and/or class members remain on the work premises during their rest periods. Because Plaintiff and/or class members were restricted from leaving the premises during rest periods, they were denied the ability to use their rest periods freely for their own purposes, such as running personal errands. Thus, Defendants effectively maintained control over Plaintiff and/or class members during rest periods.

70. As a result of Defendants' practices and policies, Plaintiff and class members worked shifts in excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without receiving all uninterrupted 10-minute rest periods to which they were entitled. For example, Plaintiff had to forgo his rest periods or cut them short and return to work due to the heavy workload.

71. Defendants also have engaged in a company-wide practice and/or policy of not paying rest period premiums owed when compliant rest periods are not authorized and permitted. Because of this practice and/or policy, Plaintiff and class members have not received premium pay for all missed rest periods.

72. Defendants' conduct violates the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198. Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period was not authorized and permitted.

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226(a), and 1198—Non-Compliant Wage Statements and Failure to Maintain Accurate Payroll Records**

**(Against all Defendants)**

73. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

74. At all relevant times herein set forth, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate and complete itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, the inclusive dates of the pay period, total hours worked, and all applicable rates of pay.

75. At all relevant times, Defendants have knowingly and intentionally provided Plaintiff and class members with uniform, incomplete, and inaccurate wage statements. For example, Defendants issued uniform wage statements to Plaintiff and class members that fail to correctly list: gross wages earned; total hours worked; net wages earned; the address of the legal entity that is the employer; and all applicable hourly rates in effect during the pay period, including rates of pay for overtime wages, and the corresponding number of hours worked at each hourly rate. Specifically, Defendants violated sections 226(a)(1), 226(a)(2), 226(a)(5), 226(a)(8), and 226(a)(9).

76. First, Defendants did not accurately record the time Plaintiff and Subclass members spent working off-the-clock, Defendants did not list the correct amount of gross wages and net wages earned by Plaintiff and Subclass members in compliance with sections 226(a)(1) and 226(a)(5). For the same reason, Defendants failed to accurately list the total number of hours worked by Plaintiff and Subclass members in violation of section 226(a)(2), and failed to list the applicable hourly rates of pay in effect during the pay period and corresponding accurate number of work hours worked at each hourly rate in violation of section 226(a)(9).

77. Second, and separately from these violations, Defendants issued uniform wage statements to Plaintiff and Subclass members that failed to list the address of the legal entity of

the actual employer in violation of 226(a)(8). The purpose of section 226(a)(8) is to provide California employees with transparency as to the true identity of their employer, to allow the employee to contact their employer during employment or in the future for various reasons, including filing an administrative claim, judicial claim, or other action to seek relief against their employer, to obtain unemployment benefits, etc. During the relevant time period, Defendants systematically, and on a company-wide basis, issued wage statements to Plaintiff and Subclass members that fail to list the employing entity's correct address. Plaintiff's and Subclass members' wage statements incorrectly list the employer's address as "261 Madison Avenue, New York, NY 10016," but according to the California Secretary of State's website, CANON BUSINESS PROCESS SERVICES, INC.'s correct entity address is "125 PARK AVENUE, FL9, NEW YORK, NY 10017." Upon information and belief, this has been the true address of the employing entity as of December 2024.

78. The wage statement deficiencies also include, without limitation, failing to list the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; failing to list all deductions; failing to list the inclusive dates of the period for which employees were paid; failing to list the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; failing to list the name of the legal entity that is the employer; and/or failing to state all hours worked as a result of not recording or stating hours worked off-the-clock.

79. California Labor Code section 1198 provides that the maximum hours of work and the standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth in the applicable IWC Wage Order. Section 1198 further provides that "[t]he employment of any employees for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Pursuant to the applicable IWC Wage Order, employers are required to keep accurate time records showing when the employee begins and ends each work period and meal period. During the relevant time period, Defendants engaged in company-wide practices and/or policies of failing to record actual hours worked, and thereby failed to keep accurate records of work period start and end times for Plaintiff and Subclass members, in

violation of section 1198.

80. Plaintiff and Subclass members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202—Wages Not Timely Paid Upon Termination**

**(Against all Defendants)**

81. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

82. This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, and/or meal and rest period premiums that were not timely paid to Plaintiff and those class members no longer employed by Defendants upon their termination

83. At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

84. Defendants willfully failed to pay Plaintiff and class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

85. Defendants' failure to pay Plaintiff and class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201

and 202. Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

**SEVENTH CAUSE OF ACTION**

**Violation of California Labor Code § 2802—Unpaid Business-Related Expenses**

**(Against all Defendants)**

86. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

87. At all times herein set forth, California Labor Code section 2802 provides that an employer must reimburse employees for all necessary expenditures and losses incurred by the employee in the performance of his or her job. The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014). The applicable wage order, IWC Wage Order No. 4-2001, provides that: "[w]hen tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

88. During the relevant time period, Defendants, on a company-wide basis, required that Plaintiff and class members use their own personal mobile devices, including, but not limited to, cellular phones and/or mobile data, to carry out their job duties, but failed to reimburse them for all of the costs of their work-related mobile device expenses. For example, Plaintiff and class members were required to use their personal mobile devices for work-related tasks, including communicating with management regarding work-related issues, and using language translation mobile applications. Although Defendants required Plaintiff and class members to utilize their personal mobile devices and/or mobile data to carry out their work-related responsibilities, Defendants failed to reimburse them for these costs.

89. Defendants could have provided Plaintiff and class members with actual

equipment for use on the job, such as company mobile devices; or, Defendants could have reimbursed employees for the costs of their mobile device usage. Instead, Defendants passed these operating costs onto Plaintiff and class members.

90. Defendants' company-wide policy and/or practice of not reimbursing employees for expenses necessarily incurred and passing on their operating costs to Plaintiff and class members violates California Labor Code section 2802. Defendants have intentionally and willfully failed to reimburse Plaintiff and class members for necessary business-related expenses and costs.

91. Pursuant to California Labor Code section 2802, Plaintiff and class members are therefore entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest, costs, and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unlawful Business Practices**

**(Against all Defendants)**

92. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

93. Defendants are "persons" as defined by California Business & Professions Code section 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

94. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members, and to the general public. Plaintiff has suffered injuries in fact and has lost money as a result of Defendants' unlawful business practices. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

95. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq*.

96. A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law. In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

(a) Requiring non-exempt, hourly paid employees, including Plaintiff and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198, and the applicable IWC Wage Order, as alleged herein;

(b) Failing to pay at least minimum wage to Plaintiff and class members in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order, as alleged herein;

(c) Failing to provide all meal periods to Plaintiff and class members in violation of California Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(d) Failing to authorize and permit Plaintiff and class members to take all rest periods in violation of California Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(e) Failing to provide Plaintiff and class members with accurate wage statements and failing to maintain accurate payroll records in violation of California Labor Code sections 226(a), and 1198, and the applicable IWC Wage Order, as alleged herein;

(f) Failing to reimburse Plaintiff and class members for all business expenses necessarily incurred in violation of California Labor Code section 2802, as alleged herein; and

(g) Failing to provide written notice of information material to Plaintiff's and class members' employment with Defendants in violation of California Labor Code section 2810.5(a)(1)(A)-(C), as set forth below.

97. At all relevant times herein, California's Wage Theft Prevention Act was enacted to ensure that employers provide employees with basic information material to their

employment relationship at the time of hiring, and to ensure that employees are given written and timely notice of any changes to basic information material to their employment. Codified at California Labor Code section 2810.5, the Wage Theft Prevention Act provides that at the time of hiring, an employer must provide written notice to employees containing basic and material payroll information, including, among other things, the rate(s) of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, the regular payday designated by the employer, and any allowances claims as part of the minimum wage, including meal or lodging allowances. Labor Code § 2810.5(a)(1)(A)-(C).

98. At all relevant times, on information and belief, Defendants failed, on a company-wide basis, to provide written notice to Plaintiff and class members that lists the requisite information set forth in Labor Code section 2810.5(a)(1)(A)-(C). Defendants' failure to provide Plaintiff and class members with written notice of basic information regarding their employment with Defendants is in violation of California Labor Code section 2810.5.

99. As a result of the violations of California law herein described, Defendants unlawfully gained an unfair advantage over other businesses. Plaintiff and class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

100. Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of the initial complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

**NINTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unfair Business Practices**

**(Against all Defendants)**

101. Plaintiff incorporates by reference and re-alleges as if fully stated herein each

and every allegation set forth above.

102. Defendants are "persons" as defined by California Business & Professions Code section 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

103. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiff, class members, and to the general public. Plaintiff has suffered injuries in fact and has lost money as a result of Defendants' unfair business practices. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

104. Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiff and class members all meal and rest period premiums due to them under Labor Code section 226.7, deprived Plaintiff and class members of the compensation guarantee and enhanced enforcement implemented by section 226.7. The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct." *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015). The statutory benefits of section 226.7 were guaranteed to Plaintiff and class members as part of their employment with Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200, *et seq.* (*Id.*)

105. A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on any unfair business practice. In the instant case, Defendants' policies and practices have violated the spirit of California's meal and rest period laws and constitute acts against the public policy behind these laws.

106. Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory benefits implemented by section 226.7 withheld and retained by Defendants during a period that commences four years prior to the filing of the initial complaint; a permanent injunction requiring Defendants to pay all statutory benefits implemented by section 226.7 due to Plaintiff

and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

**REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1. For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of thirty-five thousand dollars ($35,000), exclusive of interest and costs. Plaintiff reserves the right to amend his prayer for relief to seek a different amount.

**Class Certification**

2. That this case be certified as a class action;

3. That Plaintiff be appointed as the representatives of the Class and Subclass;

4. That counsel for Plaintiff be appointed as class counsel.

**As to the First Cause of Action**

5. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198, and the applicable IWC Wage Order by willfully failing to pay all overtime wages due to Plaintiff and class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due, or as otherwise provided by law;

8. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

10. That the Court declare, adjudge and decree that Defendants violated California

Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order by willfully failing to pay minimum wages to Plaintiff and class members;

11. For general unpaid wages and such general and special damages as may be appropriate;

12. For pre-judgment interest on any unpaid compensation from the date such amounts were due, or as otherwise provided by law;

13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14. For liquidated damages pursuant to California Labor Code section 1194.2; and

15. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

16. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order by willfully failing to provide all meal periods to Plaintiff and class members;

17. That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a meal period was not provided;

18. For all actual, consequential, and incidental losses and damages, according to proof;

19. For premiums pursuant to California Labor Code section 226.7(c);

20. For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due, or as otherwise provided by law;

21. For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

22. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fourth Cause of Action**

23. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order by willfully failing to authorize and permit Plaintiff and class members to take all rest periods;

24. That the Court make an award to the Plaintiff and class members of one (l) hour of pay at each employee's regular rate of pay for each workday that a rest period was not authorized and permitted;

25. For all actual, consequential, and incidental losses and damages, according to proof;

26. For premiums pursuant to California Labor Code section 226.7(c);

27. For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due, or as otherwise provided by law;

28. For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

29. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fifth Cause of Action**

30. That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and the applicable IWC Wage Order as to Plaintiff and Subclass members, and willfully failed to provide accurate itemized wage statements thereto;

31. For all actual, consequential, and incidental losses and damages, according to proof;

32. For injunctive relief pursuant to California Labor Code section 226(h);

33. For statutory penalties pursuant to California Labor Code section 226(e);

34. For attorneys' fees and costs pursuant to California Labor Code section 226(e)(1); and

35. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Sixth Cause of Action**

36. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201 and 202 by willfully failing to pay overtime wages, minimum wages, and/or meal and rest period premiums owed at the time of termination of the employment of Plaintiff and other terminated class members;

37. For all actual, consequential and incidental losses and damages, according to proof;

38. For waiting time penalties according to proof pursuant to California Labor Code section 203 for all employees who have left Defendants' employ;

39. For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law;

40. For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

41. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Seventh Cause of Action**

42. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-related expenses and costs incurred by Plaintiff and class members;

43. For unpaid business-related expenses and such general and special damages as may be appropriate;

44. For pre-judgment interest on any unpaid business-related expenses from the date such amounts were due pursuant to California Labor Code section 2802(b), or as otherwise provided by law;

45. For all actual, consequential, and incidental losses and damages, according to proof;

46. For attorneys' fees and costs pursuant to California Labor Code section 2802(c), or as otherwise provided by law; and

47. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Eighth Cause of Action**

48. That the Court declare, adjudge and decree that Defendants' conduct of failing to provide Plaintiff and class members all overtime wages due to them, failing to provide Plaintiff and class members all minimum wages due to them, failing to provide Plaintiff and class members all meal periods, failing to authorize and permit Plaintiff and class members to take all rest periods, failing to provide Plaintiff and class members accurate and complete wage statements, failing to maintain accurate payroll records for Plaintiff and class members, failing to timely pay Plaintiff and class members all earned wages during employment, and failing to provide written notice of material terms of employment, constitutes an unlawful business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

49. For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

50. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

51. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

52. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Ninth Cause of Action**

53. That the Court declare, adjudge and decree that Defendants' conduct of denying Plaintiff and class members the statutory benefits guaranteed under section 226.7 constitutes an unfair business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

54. For restitution of the statutory benefits under section 226.7 unfairly withheld

from Plaintiff and class members and prejudgment interest from the day such amounts were due and payable;

55. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

56. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

57. For pre-judgment and post-judgment interest as provided by law; and

58. For such other and further relief as the Court may deem equitable and appropriate.

Dated: April 20, 2026

Respectfully submitted,

Capstone Law APC

By: ______________________

Daniel S. Jonathan
Jeffrey Jimenez

Attorneys for Plaintiff Brandon Klain